IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CITADEL SECURITIES LLC, RONIN CAPITAL )
LLC, SUSQUEHANNA SECURITIES and )
SUSQUEHANNA INVESTMENT GROUP, )
                            Plaintiffs, )    Case No.  16 C 9747
      v. )
                           )    Judge Robert W. Gettleman
CHICAGO BOARD OPTIONS EXCHANGE, )
INC., INTERNATIONAL SECURITIES )
EXCHANGE, LLC, NASDAQ PHLX LLC (f/k/a )
Philadelphia Stock Exchange, Inc.), NYSE ARCA, )
INC. (f/k/a Pacific Exchange, Inc.), NYSE MKT )
LLC (f/k/a NYSE Amex LLC, f/k/a American )
Stock Exchange LLC), )
                          Defendants. )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Citadel Securities LLC, Ronin Capital, LLC, Susquehanna Securities, and Susquehanna Investment Group sued defendants Chicago Board Options Exchange, Inc., International Securities Exchange, LLC, NASDAQ PHLX, LLC, NYSE ARCA, Inc. and NYSE MKT, LLC, in the Circuit Court of Cook County, Illinois, seeking to recover fees allegedly improperly charged to and paid by plaintiffs to defendants under certain "payment for order flow" ("PFOF") or "marketing fee" programs established by each defendant. Defendants removed the case to this court under 28 U.S.C. § 1441(a), asserting original and exclusive jurisdiction under 28 U.S.C. § 1331 and/or 15 U.S.C. § 78aa because, according to defendants, the action alleges and seeks relief based on violations of rules promulgated under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78 et seq., and defendants' duty under that

Act to follow those rules. The court agreed with defendants and denied plaintiffs' motion to remand. Citadel Securities, LLC v. Chicago Board Options Exchange, 2017 WL 118419 (N.D. Ill. Jan. 12, 2017). Defendants have now moved to dismiss for lack of jurisdiction and/or failure to state a claim. For the reasons described below, that motion is granted.

## BACKGROUND

Defendants are all National Securities Exchanges registered with the Securities Exchange Commission ("SEC") that operate as self regulatory organizations ("SROs"). As SROs, defendants are part of a comprehensive system adopted by Congress for regulating the securities markets. See In re Series 7 Broker Qualification Exam Scoring Litig., 548 F.3d 110, 114 (D.C. Cir. 2008). The Exchange Act authorizes and requires defendants to adopt rules governing the conduct and administration of the exchanges and their members. See 15 U.S.C. §§ 78f(b), 78s(b). These rules must "provide for the equitable allocation of reasonable dues, fees, and other charges among its members and issuers and other persons using its facilities." 15 U.S.C. § 78f(b)(4). The SEC has broad authority to amend the SROs' rules. 15 U.S.C. § 78s(c).

Plaintiffs are market maker member firms of defendant exchanges. Plaintiffs allege that during the period in question each defendant exchange ran a "program" under which that exchange collected PFOF fees. PFOF is an arrangement by which a broker receives payment from a market maker in exchange for sending order flow to them. The fees are imposed to attract "order flow" to a market, thereby increasing liquidity and benefitting investors. Defendants have adopted rules creating the PFOF programs under which defendants imposed fees "designed to ensure that market makers that may trade with customers on the Exchange[s]

2

contribute to the cost of attracting order flow." See SEC Concept Release, A Competitive Developments in the Options Markets, 69 Fed. Reg. 6124, 6129 (Feb. 9, 2004). Defendants impose PFOF fees on a market maker when a trade is made for a "customer," but not trades made for proprietary "house trades," where a firm trades on its own behalf. Plaintiffs allege that over a multi-year period defendants improperly charged PFOF fees on millions of orders not subject to those fees. According to the complaint, those fees were charged as a result of at least two member broker-dealer firms incorrectly marking plaintiffs' orders as "customer orders" instead of "proprietary orders." The complaint alleges that defendants entered into stipulations under which the broker dealers paid penalties. In the instant action, plaintiffs seek restitution or recovery from defendants of all fees allegedly mischarged.

This is not the first time plaintiffs have brought these claims. They initially filed suit in the Circuit Court of Cook County, (the "first complaint")Illinois, on May 22, 2013, alleging that defendants charged PFOF fees "in violation of their own rules." The first complaint alleged that the amount of allowable fees "is set forth in fee schedules that are noticed, published and approved by the SEC," that defendants' activity "violates their own rules and/or fee schedules," that plaintiffs "suffered harm because the [defendants] overcharged PFOF fees in violation of SEC-approved fee schedules," and that a dispute existed between the parties as to whether defendants "are required to comply with their rules and fee schedules."

Defendants removed the first complaint to this court. One month later plaintiffs voluntarily dismissed it. That same day plaintiffs filed a new complaint (the "second complaint"), again in the Circuit Court of Cook County, Illinois. That complaint attempted to

3

eliminate all reference to any violation by defendants of their own rules, replacing them with allegations that defendants charged fees that were not part of the "PFOF" Program." Instead of seeking a declaration that defendants "are required to comply with their own rules," the complaint sought a declaration that defendants many not "charge PFOF fees on orders that are not part of the Exchanges' PFOF Programs."

Defendants again removed the case to this court. Plaintiffs moved to remand, which the court denied. Citadel Securities, LLC v. Chicago Board Options Exchange, Inc., 2013 WL 11319427 (N.D. Ill. Dec. 11, 2013). The court then granted defendants' motion to dismiss for lack of subject matter jurisdiction based on plaintiffs having failed to exhaust their administrative remedies before the SEC. Citadel Securities, LLC v. Chicago Board Options Exchange, 2014 WL 11370439 (N.D. Ill. Aug. 4, 2014). The Seventh Circuit affirmed both decisions. Citadel Securities, LLC v. Chicago Board Options Exchange, 808 F.3d 694 (7th Cir. 2015).

Plaintiffs then brought a petition for administrative remedy before the SEC, requesting that the SEC order defendants to pay plaintiffs' damages in an amount equal to the PFOF fees that plaintiffs claim were improperly charged. Plaintiffs did not identify any basis for the SEC's jurisdiction in their petition, and in fact expressly stated that the "[SEC] does not have jurisdiction over the market makers' petition pursuant to its Rules of Practice," and that the "[SEC] has no statutory authority to exercise jurisdiction over this matter." Defendants asserted that the SEC had jurisdiction under § 19(h)(1) of the Exchange Act, which authorizes the SEC to institute proceedings to determine whether an SRO has violated any of its own rules and to take appropriate remedial action.

4

On July 15, 2016, the SEC issued an opinion explaining why it disagreed with the Seventh Circuit's opinion that the SEC had jurisdiction, and dismissed plaintiffs' petition. In re Petition of Citadel Securities, LLC, et al., 2016 WL 3853760 (July 15, 2016) (the "SEC opinion"). On September 13, 2016, defendant Chicago Board Options Exchange filed a petition for review of the SEC opinion with the Seventh Circuit. Plaintiffs and NASDAQ both moved and were granted leave to intervene.

The Seventh Circuit affirmed the SEC's decision, agreeing that § 19(h)(1) of the Exchange Act permits the SEC to take regulatory action against an exchange when "in its opinion such action is necessary or appropriate in the public interest, for protection of investors, or otherwise in furtherance of the purpose of the [Exchange Act]," but did not provide a jurisdiction over "law suits initiated by and between private parties." Chicago Board Options Exchange v. Securities and Exchange Commission, 889 F.3d 837, 839, 842 (7th Cir. 2018).

## DISCUSSION

Plaintiffs' current complaint asserts six state law claims. Count I seeks a declaration that defendants cannot charge PFOF fees for orders that are not part of the PFOF program. Count II seeks an accounting of the fees allegedly improperly charged. Count III alleges a breach of contract, Count IV is a claim for promissory estoppel, and Counts V and VI assert claims for restitution and rescission. Defendants have moved to dismiss all the claims arguing that: (1) the court lacks subject matter jurisdiction; (2) the claims are preempted by the Exchange Act; (3) defendants are absolutely immune from all claims based on the challenged conduct; (4) the claims are barred by defendants' rules; and (5) the claims fail to state claims under state law.

5

Because the court agrees that defendants' claims are either preempted by the Exchange Act or defendants are completely immune from suit based on the alleged conduct, it need not reach defendants' other arguments.

Despite plaintiffs' efforts to artfully draft their claims, this court has already held, and the Seventh Circuit has agreed, that plaintiffs' complaint "alleges that defendants violated their own rules, which are established and approved by the SEC as part of its regulatory function and with which defendants are bound to comply under § 78(s)(g)(1) of the Exchange Act." Citadel Securities, 2017 WL 118419 at *4; Citadel Securities v. Chicago Board Options Exchange, 809 F.3d 694, 699 (7th Cir. 2015) ("We agree with the district court that plaintiffs seek to enforce defendants' own rules promulgated under the Exchange Act.").

In In re Series 7, 548 F.3d at 111, the District of Columbia Circuit addressed the issue of "whether common law causes of action can be alleged against a Self-Regulatory Organization ("SRO") for the negligent performance of its duties under the [Exchange Act]." After recognizing that there is no implied right of action under that Act, the court stated, "[w]hether analyzed under preemption doctrine or a theory of regulatory immunity, the result is the same: plaintiffs cannot raise a common law complaint against [an SRO] based on duties arising under the Exchange Act. Id. at 113.

In In re Series 7, the plaintiffs sued the National Association of Securities Dealers ("NASD"), an SRO, alleging that the NSAD had misreported the scores of the Series 7 Exam of a large number of applicants. Plaintiffs brought a nation-wide class action for breach of contract, negligence and negligent misrepresentation. The district court dismissed, noting that

6

the plaintiffs sought remedies for negligent performance of an SRO's regulatory duties that Congress did not provide. In affirming, the DC Circuit first addressed preemption, and noted that several other circuits, although not explicitly relying on preemption, had held that common law claims based on an SRO's breach of its duties under the Exchange Act were inconsistent with Congress's intent under that act. Id. at 113-14 (citing Barbara v. New York Stock Exchange, Inc., 99 F.3d 49 (2d Cir. 1996); Desiderio v. NASD, 191 F.3d 198 (2d Cir. 1999); Sparta Surgical Corp. v. NASD, 159 F.3d 1209, 1215 (9th Cir. 1998) (abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith v. Manning, __ U.S. __ 136 S.Ct. 1562 (2016)); MM&S Fin., Inc. v. NASD, 364 F.3d 908, 912 (8th Cir. 2004) (holding that a private breach of contract claim against an SRO would vitiate Congress's intent not to allow private rights of action against self-regulatory organizations for violating their own rules). After reviewing these cases, the court noted that "[t]hough not always explicitly identifying the underlying premise, courts have consistently found Congress's intent under the Exchange Act precludes common law causes of action, and we agree with our sister circuits." Id. at 308.

The court then addressed immunity, indicating that "[w]hen an SRO acts under the aegis of the Exchange Act's delegated authority, it is absolutely immune from suit for the improper performance of regulatory, adjudicatory or prosecutorial duties delegated by the SEC." Id. The upshot of this is that common law claims against an SRO for violating its own rules are either preempted or barred by immunity, or both.

Plaintiff acknowledges that SROs are immune from suit for claims alleging violations of their regulatory functions, but argue that the PFOF rules are operational, not regulatory. Citing

7

City of Providence v. Bats Global Markets, Inc., 878 F.3d 36, 48 (2d 2017), plaintiffs argue that "when an exchange engages in conduct to operate its own market that is distinct from its oversight role, it is acting as a <u>regulated</u> entity—not a <u>regulator</u>. Although the latter warrants immunity the former does not." (Emphasis in original.)

The court agrees that SROs are entitled to immunity only for actions taken in their regulatory role. The court disagrees with plaintiffs, however, that enforcing PFOF fees is not regulatory. The claims in <u>City of Providence</u> were that the exchanges had engaged in manipulative or deceptive conduct in violation of § 10(b) of the Exchange Act. The court concluded that the defendant exchanges were not immune because the plaintiffs had not alleged that the exchanges "inadequately responded to, monitored or policed their members' actions." <u>Id</u> at 48.

In the instant case, that is precisely what plaintiffs do claim. They do not claim that defendants charged fees on orders that were properly marked as "house orders." Instead, they allege that fees were charged on "house orders" that were improperly marked by its members as "customer orders." Properly read, plaintiffs claim is that defendants failed to monitor their members to ensure proper marking. Indeed, in their brief in opposition to the motion to dismiss, plaintiffs make clear that they are alleging "willful misconduct and gross negligence on the part of the exchanges" in connection with those duties. Monitoring their members to ensure compliance with rules designed to promote fair distribution of the costs of attracting order flow as a result of the SEC's decision to promote the listing of options on more than one exchange (<u>Citadel Securities</u>, 808 F.3d at 697-98) is undoubtedly regulatory in nature. Thus, the court

concludes that application of the PFOF fees falls within the exchanges' broad regulatory function.  Consequently, defendants are immune from plaintiffs' claims.

## **CONCLUSION**

For the reasons stated above defendants' motion to dismiss [doc. 49] is granted.

**ENTER:** **October 23, 2018**

_____
**Robert W. Gettleman
United States District Judge**